**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0320, <u>Brian A. Gillis, as Trustee of the Gillis Family Irrevocable Trust of 2012 v. Randall S. Lawson & a.</u>, the court on December 9, 2016, issued the following order:**

Having considered the brief and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Brian A. Gillis, as Trustee of the Gillis Family Irrevocable Trust of 2012, appeals an order of the Superior Court (<u>Delker</u>, J.) finding him in contempt of orders issued in his quiet title action against the respondents, Randall Lawson and Joan Lawson, and denying his requests for a hearing and for "further instructions." The record in this case shows that the petitioner sought to quiet title to a strip of land next to his family's beach home. In February 2015, following nine days of trial, the trial court issued a 26 page order on the merits, which neither party appealed. Shortly thereafter, the petitioner filed a post-judgment motion, claiming that the respondents were not complying with the judgment, and the respondents countered that the petitioner had planted certain shrubs on their property. In July 2015, following another hearing, the trial court issued a five-page order, approving a boundary plan for recordation, clarifying portions of the original order, and ordering the petitioner to remove the shrubs within 30 days.

The petitioner appealed that order. In January 2016, we affirmed the trial court, in part because the petitioner failed to provide a transcript of the hearing. However, the petitioner still did not remove the shrubs as ordered. As a result, in April 2016, the respondents requested that the trial court find the petitioner in contempt. The petitioner objected, requesting "further guidance from the Court as to where it would be permissible to relocate the shrubs" and submitted an affidavit acknowledging that he had not yet moved the shrubs. In May 2016, the trial court found him in contempt and ordered him to remove the shrubs within 72 hours.

The petitioner now appeals the contempt order, arguing that the trial court erred by: (1) finding him in contempt in May for failing to move the shrubs when he "established . . . his inability to . . . move the plants in the middle of the winter" (upper case omitted) and his "intention to move the shrubs as soon as the weather permitted"; (2) not affording him "the protections required for a finding of criminal contempt" because ordering him to remove the shrubs "in the middle of winter" "constituted a punitive and not a remedial order"; (3) not holding an

evidentiary hearing (despite the fact that he acknowledged, in his sworn affidavit, that he had not yet moved the shrubs); and (4) denying his request for "further instructions" and finding that its previous orders were "sufficiently clear that the Court need not micromanage each party's use and enjoyment of his respective property rights."

As the appealing party, the petitioner has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's orders, the petitioner's arguments, the relevant law, and the record submitted on appeal, we conclude that the petitioner has not demonstrated reversible error.  See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**
